IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ANOTHAI THOOPSAMOOT, | * |
| Plaintiff, | * |
| v. | Case No.: PWG-13-1663 |
| REGIONAL SERVICES CENTER, | * |
| Defendant. | * |

## MEMORANDUM OPINION

While working for Regional Services Center[1] as a public service aide, Anothai Thoopsamoot felt that she was discriminated against, and she complained to the EEOC about hostility, harassment, and corruption that she perceived in the workplace. RSC terminated her employment on September 29, 2012, and Ms. Thoopsamoot filed this lawsuit, alleging various forms of discrimination, a hostile workplace, and retaliation. Defendant has moved to dismiss, and I must decide whether Ms. Thoopsamoot's lawsuit is subject to dismissal on any of the grounds Defendant asserts.[2] Because Montgomery County is the proper defendant and Plaintiff has exhausted her administrative remedies and stated a claim as to her sex and age discrimination

---

[1] Using the form Complaint that the Court provides for pro se employment discrimination complaints, Plaintiff stated that Defendant was the "Regional Services Center (Mid-County) Montgomery County Government." Compl. 1, ECF No. 1. Defendant clarifies that its name is "Regional Services Center." Def.'s Mot. 1. Yet it is clear from the name Plaintiff used that she intended to assert a complaint against the County itself, not one of its agencies. Nor has the County been misled or prejudiced by the inartful descriptions of the Defendant.

[2] Defendant's Motion is fully briefed, *see* ECF Nos. 5, 5-1, 7 & 8, and a hearing is unnecessary. *See* Local Rule 105.6. This Memorandum Opinion resolves ECF No. 5.

and retaliation claims, Montgomery County shall be substituted for RSC, and these claims shall proceed as to Montgomery County. As for Plaintiff's race and color discrimination claims, Plaintiff shall be given the opportunity to show that she has exhausted her administrative remedies and, if she does so, these claims also shall proceed as to Montgomery County. Plaintiff's reinstatement and hostile workplace claims shall be dismissed.

I. BACKGROUND[3]

Ms. Thoopsamoot, "an Asian female of Thai descent," worked for Defendant as a "Wheaton Urban District Public Service Aide (Safe Team) at Regional Services Center, Montgomery County, Maryland on [a] temporary basis" from 2008 to September 29, 2012. Compl. 2, ECF No. 1. She claims that RSC discriminated against her on the basis of race, color, and sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and on the basis of age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq. Id.* at 1–2. Plaintiff also claims that she was subjected to a hostile work environment and retaliated against for filing an administrative complaint. *Id.* at 2–3. According to Plaintiff, the discrimination occurred when her employer failed to promote her in October 2011, failed to hire her on September 12, 2012,[4] and terminated her employment on September 29, 2012. *Id.* Additionally, she "was denied overtime several times and assignment of a vehicle," while "[s]imilarly situated younger employees were treated more favorably than plaintiff with respect to overtime, assignment to vehicle and re-hire" between December 2008 and her termination. *Id.* at 3. In Plaintiff's view, "Defendant terminated Plaintiff's employment

---

[3] For purposes of considering Defendant's Motion to Dismiss, this Court accepts the facts that Plaintiff alleged in his Complaint as true. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011).

[4] It is unclear from Plaintiff's Complaint how RSC failed to hire her on September 12, 2012, when she had been working for RSC since 2008. *See* Compl. 2.

in retaliation for filing complaints with [the] Human Rights Department – Montgomery County, Inspector General, and the EEOC [Equal Employment Opportunity Commission] about sexual harassment, hostile working environment and corruptions etc." *Id.* She claims that she filed charges with the EEOC on April 11, 2012. *Id.*

In her Complaint, Ms. Thoopsamoot seeks "front pay benefits and damages . . . for lost wages, lost benefits, compensatory damages for pain and suffering, mental anguish, emotional distress, interest," as well as back pay and "[t]he amount of tax on an award and reasonable attorney's fees[] or reinstatement of full time position." Compl. 3–4. However, after Plaintiff informed the Court that it was her understanding that she would be reinstated to her position at RSC, I directed Montgomery County to provide a letter to the Court by February 17, 2014 with regard to the status of Ms. Thoopsamoot's reinstatement. Feb. 3, 2014 Ltr. Order, ECF No. 14. Additionally, I notified Plaintiff that if the County indicated that she has been or will be reinstated to her position, then I would be dismissing her reinstatement claim without prejudice. *Id.* The County advised that Ms. Thoopsamoot has been reinstated. Feb. 10, 2014 Ltr., ECF Nos. 15 & 16. Plaintiff has not disputed the County's assertion. Therefore, her reinstatement claim is DISMISSED WITHOUT PREJUDICE as moot.

Defendant moved to dismiss on July 31, 2013, arguing that it "is not an entity subject to suit" and that "Plaintiff has not exhausted her administrative remedy for any claims of race, color, and hostile work environment discrimination, or any allegations except for those relating to her alleged denial of overtime, denial of access to a company vehicle, and her termination." Def.'s Mot. ¶¶ 2–3. Defendant also contends that "Plaintiff[']s sparse allegations do not state a plausible claim for relief." *Id.* ¶ 4.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

In an employment discrimination case such as this, "pleadings need not 'contain specific facts establishing a prima facie case of discrimination under the framework set forth' in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Westmoreland v. Prince George's Cnty. ("Westmoreland I")*, No. AW-09-2453, 2010 WL 3369169, at *3 (D. Md. Aug. 23, 2010) (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002)). Such a requirement "would essentially create a 'heightened pleading standard' under which a plaintiff without direct evidence of discrimination would need to plead a prima facie case even though she might

uncover direct evidence during discovery." *Id*. (quoting *Swierkiewicz*, 534 U.S. at 511–12). If this were the case, a plaintiff claiming employment discrimination would have "'to plead more facts than [s]he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered.'" *Id*. (quoting *Swierkiewicz*, 534 U.S. at 512). Nonetheless, a plaintiff "must plead facts sufficient to state each element of the asserted claim." *Lopez v. BMA Corp.*, No. DKC-13-2406, 2013 WL 6844361, at *9 (D. Md. Dec. 24, 2013) (discussing *Swierkiewicz* holding and citing *Bass v. E.I. Dupont De Nemours & Co.*, 324 F.3d 761, 765–65 (4th Cir. 2003)).

Because *pro se* lawsuits, such as Ms. Thoopsamoot's, "represent the work of an untutored hand requiring special judicial solicitude," the Court must "construe *pro se* complaints liberally," such that "litigants with meritorious claims [are] not . . . tripped up in court on technical niceties." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (citing *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978)). Even so, "[d]istrict judges are not mind readers," and "[e]ven in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments . . . ." *Id.* at 1278. Therefore, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits," and this Court need not "conjure up questions never squarely presented to [it]." *Id.*

### III. DISCUSSION

#### A. Proper Defendant

Defendant contends that Plaintiff has failed to state a claim against it because "there is no provision in the Annotated Code of Maryland or in the Montgomery County Code that empowers the Regional Services Center to sue or be sued in its own right," as it "is no more than a **subordinate agency** of the County." Def.'s Mem. 5. Plaintiff concedes that she "may have

5

failed to state a claim, as 'the Regional Services Center' is not an entity properly subject to suit," insisting that the failure is due to the fact that she "has no representative and is not an attorney . . . to know what is the difference." Pl.'s Opp'n 1. In her view, she "should be able to hold [RSC] accountable in this case no matter what name plaintiff put on the complaint [s]ince Plaintiff worked for it and it exists in the system." *Id.* She also asserts that she "wants to . . . hold Montgomery County Government accountable for breaking the laws [and] discriminat[ing] against Plaintiff . . . ." *Id.* at 2. Also, she contends that she originally named Montgomery County as Defendant, but changed the name when "questioned by a court clerk of what department of Montgomery County." *Id.* at 4.

Thus, it is undisputed that RSC is not subject to suit. However, I liberally construe Plaintiff's Opposition to incorporate a request for leave to amend her Complaint to substitute Montgomery County as the proper defendant. *See* Fed. R. Civ. P. 1; *Beaudett*, 775 F.2d at 1277–78; *Johnson v. Silvers*, 742 F.2d 823, 824 n.1 (4th Cir. 1984) (noting that "[t]he district court must allow a pro se litigant a reasonable opportunity to amend his pleadings to name the proper defendant, and if necessary advise him how to determine that person"). Plaintiff filed her Opposition on August 19, 2013, within twenty-one days after Defendant moved to dismiss. *See* Docket. Therefore, Plaintiff was entitled to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Montgomery County shall be substituted for RSC as Defendant, and the suit shall be terminated as to RSC.[5]

---

[5] Insofar as this substitution raises a limitations issue, I find that the substitution of Montgomery County for RSC does not change Plaintiff's claims, and the amendment "relates back to the date of the original pleading," such that the statute of limitations is not a bar to this suit. *See* Fed. R. Civ. P. 15(c)(1)(C).

### B. Exhausting Administrative Remedies By Pleading Claims in EEOC Complaint

To bring a Title VII or ADEA employment discrimination claim in federal court, a plaintiff must first "exhaust his [or her] administrative remedies . . . ." *Van Durr v. Geithner*, No. 12-2137-AW, 2013 WL 4087136, at *4 (D. Md. Aug. 12, 2013) (quoting *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2004)); *see Jones v. Calvert Grp.*, 551 F.3d 297, 300 (4th Cir. 2009). To do so, an individual who believes that she has been discriminated against in violation of Title VII or the ADEA must file a timely complaint with the EEOC pursuant to 42 U.S.C. § 2000e-5(e)(1). *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013); *Jones*, 551 F.3d at 300; *Krpan v. Bd. of Educ. of Howard Cnty.*, No. ELH-12-2789, 2013 WL 4400475, at *5 (D. Md. Aug. 15, 2013). A plaintiff only exhausts her administrative remedies as to "'those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint.'" *Vann Durr*, 2013 WL 4087136, at *4 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)); *see Krpan*, 2013 WL 4400475, at *5–6 (granting motion to dismiss count for discrimination based on national origin because plaintiff "did not include such a claim in his complaint to the EEOC"); *Bryant*, 288 F.3d at 132–33 (affirming summary judgment on claims of color and sex discrimination, because EEOC charge only alleged race discrimination). This means that "so long as 'a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation,' she 'may advance such claims in her subsequent civil suit.'" *Sydnor v. Fairfax County, Va.*, 681 F.3d 591, 594 (4th Cir. 2012) (quoting *Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir. 2000)). In establishing and applying this rule, the Fourth Circuit has "sought to strike a balance between providing notice to employers and the

EEOC on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other." *Id.*

Defendant argues that an October 17, 2012 Charge of Discrimination ("October Charge") that Plaintiff filed, which Defendant attaches to its Motion, and the March 22, 2013 EEOC right-to-sue letter that Plaintiff attached to her Complaint "clearly state that Plaintiff's claims in that charge were sex and age discrimination, as well as retaliation," such that Plaintiff's claims in this Court "of race, color, and hostile work environment . . . must fail, as she has not exhausted her administrative remedy for any such claims." Def.'s Mem. 7; *see* Oct. Charge, Def.'s Mem. Ex. 1, ECF No. 5-2; Mar. 22, 2013 Ltr., Pl.'s Compl. Ex. 1, ECF No. 1-2. As to the remainder of Plaintiff's claims, Defendant contends that Plaintiff failed to exhaust her administrative remedy because "the scope of the complaints that Plaintiff made in her EEOC charge" is limited to "denial of overtime, denial of access to a vehicle, and retaliatory termination." Def.'s Mem. 7. In Defendant's view, Plaintiff's other claims cannot be "developed by reasonable investigation of her original complaint." *Id.*

### 1. Race, Color, and Hostile Work Environment Claims

It is true that in Plaintiff's October Charge, she only claimed that she was discriminated against based on age and sex and "in retaliation for engaging in protected activity." Oct. Charge. Specifically, she alleged that she "was denied overtime and assignment of a vehicle," while "[s]imilarly situated younger, males . . . were treated more favorably than [she] with respect to overtime and assignment to a vehicle." *Id.* Also, she claimed that she "was discharged," and that she "was the only Safe Team Member discharged." *Id.* It also is true that the EEOC's right-to-sue letter stated that Plaintiff "alleged that [she was] denied overtime and assignment of a

vehicle and discharged on the basis of [her] sex, female, age, 49, and in retaliation for engaging in protected activity, in violation of Title VII . . . and the [ADEA]." Mar. 22, 2013 Ltr. 1.

Plaintiff now also claims discrimination based on race and color, and that she was subjected to a hostile work environment. Compl. 1–2. Plaintiff insists that the "exact facts, detail claims" of her Complaint in this Court appeared on her original EEOC complaint, which she contends that she filed "with the EEOC DC field office on 4-12-2012 but the EEOC mishandled Plaintiff's case badly and failed to transfer the case in timely manner[] to Baltimore office and had missed all the important Details of the case[;] then Plaintiff had to re-file[] the charges on 10-17-2012." Pl.'s Opp'n 1. Plaintiff attaches to her Opposition an April 12, 2012 Charge of Discrimination ("April Charge") on which race, sex, retaliation, age and "work ethic" are identified as bases for the alleged discrimination. *See* Pl.'s Opp'n Ex. 1, ECF No. 7-1. For "the particulars" of the claims, Plaintiff wrote "Please see attachment." *Id.* Curiously, the attachment is an email dated April 22, 2012, ten days after the date of the April Charge. *See id.*

Defendant contends that I should not consider factual allegations raised in Plaintiff's Opposition or exhibits attached to her Opposition, such as the April Charge, because "'plaintiff "is bound by the allegations contained in [her] complaint and cannot, through the use of motions briefs, amend the complaint."'" Def.'s Reply 1–2 (citations omitted). But, in reviewing a motion to dismiss, the Court may consider documents that "'"are integral to and explicitly relied on in the Complaint,"'" if their authenticity is not challenged. *See Mekonnen v. AIMCO Props., L.P.*, No. PWG-12-1304, 2013 WL 1314972, at *2 n.1 (D. Md. Mar. 27, 2013) (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citations omitted))) (noting that the Court previously considered the Charge of

Discrimination attached to defendant's motion to dismiss, as well as the Intake Questionnaire attached to plaintiff's opposition, in considering the motion to dismiss). Here, although Plaintiff did not attach the April Charge to the Complaint that she filed in this Court, she referenced it explicitly, and an administrative complaint is integral to a complaint before this Court. *See* Compl. 3.

However, Defendant disputes the authenticity of the April Charge, referring to it as the "alleged charge," and characterizing it as "not . . . a proper charge of discrimination." Def.'s Reply 5; *see also id.* at 3. Defendant questions whether it "was submitted to the EEOC," *id.* at 4, and whether "the EEOC treated this as a charge," *id.* at 5. To qualify as a Charge of Discrimination, a purported charge must "contain[] the information required by the applicable regulation, 29 C.F.R. § 1601.12." *Valderrama v. Honeywell Tech. Solutions, Inc.,* 473 F. Supp. 2d 658, 662 (D. Md. 2007). 29 C.F.R. § 1601.12(b) provides that, to be a charge, a document must be "'a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of' that constitute the alleged unlawful employment practice." *Mekonnen*, 2013 WL 588976, at *4 (quoting 29 C.F.R. § 1601.12(b)).

Here, the April Charge, unlike the October Charge, is not stamped "received" by the EEOC. And, the one attachment that would provide factual allegations in support of Plaintiff's April Charge, post-dates the April Charge by more than a week. Consequently, the April Charge "does not describe Plaintiff's claims with any 'clarity or precision,' is not 'sufficiently precise to identify the parties[] and to describe generally the action or practices complained of,' and thus, does not suffice as a charging document." *See Mekonnen*, 2013 WL 588976, at*4. As a result, on the facts currently before me, Plaintiff has not filed an EEOC Charge of Discrimination that alleged discrimination based on race, color, or hostile workplace.

### 2. Sex and Age Discrimination and Retaliation Claims

As for Plaintiff's claims of sex and age discrimination and retaliation, it also is true that Plaintiff's October Charge only identifies the denial of overtime, the denial of a vehicle, and termination as discriminatory acts. Oct. Charge. Plaintiff now alleges additional purportedly discriminatory acts as bases for these claims. Compl. 1–2. Specifically, contending that "[s]imilarly situated younger employees were treated more favorably than plaintiff with respect to . . . re-hire," Plaintiff now claims that her employer discriminated and retaliated against her by failing to promote her in October 2011 and failing to hire her on September 12, 2012. *Id.* at 2–3. The Fourth Circuit has "found exhaustion where . . . both the EEOC charge and the complaint included claims of retaliation by the same actor, but involved different retaliatory conduct." *Sydnor*, 681 F.3d at 594. Here, Plaintiff's new claims of discrimination and retaliation involve "the same actor, but . . . different . . . conduct." *See id.* Thus, they reasonably follow from the facts alleged in Plaintiff's EEOC complaint. *See id.* Therefore, Plaintiff has not failed to exhaust her administrative remedies by failing to include allegations about Defendant's failure to promote or hire her in her EEOC complaint. *See id.*; *Balas*, 711 F.3d at 406; *Krpan*, 2013 WL 4400475, at *5; *Vann Durr*, 2013 WL 4087136, at *4.

### C. Sufficiency of Allegations

Defendant insists that, even if Plaintiff exhausted her administrative remedies, she failed to state a claim.

### 1. Discrimination Claims

To state a claim for discrimination, Plaintiff must allege that:

(1) [s]he is a member of a protected class; (2) [s]he was performing at a level that met [her] employer's legitimate expectations at the time of the adverse

11

employment action; (3) [s]he suffered an adverse employment action; and (4) [her] employer treated similarly situated employees outside [her] protected class more favorably.

*Dones v. Donahoe*, ---- F. Supp. 2d ----, 2013 WL 6551335, at *5 (D. Md. Dec. 12, 2013) (discussing sex and age discrimination); *see Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd on other grounds*, ---- U.S. ----, 132 S. Ct. 1327 (2012) (discussing Title VII generally); *McNeil v. Loyola Univ.*, No. WDQ-13-1473, 2014 WL 320494, at *6 (D. Md. Jan. 27, 2014) (discussing race and age discrimination); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801–02 (1973) (analyzing race and color discrimination claims together).

Here, Plaintiff alleges that she is "an Asian female of Thai descent," Compl. 2, and that her employer failed to promote her, terminated her employment, and failed to re-hire her, while treating "[s]imilarly situated younger employees . . . more favorably than plaintiff." *Id.* at 2–3. These are sufficient allegations that Plaintiff "is a member of a protected class" and that she "suffered an adverse employment action" while "similarly situated employees" were treated "more favorably." *See Dones*, 2013 WL 6551335, at *5. And, although Plaintiff does not allege in her Complaint that "[s]he was performing at a level that met [her] employer's legitimate expectations at the time of the adverse employment action," *see Dones*, 2013 WL 6551335, at *5, it is evident from her Opposition and the documents attached to it that Plaintiff plans to prove that she "was a good employee who has highest work performance," Pl.'s Opp'n 3. Thus, given the minimal allegations required of pro se plaintiffs in employment cases, Plaintiff has stated claims for discrimination based on race, color, age, and gender. *See Twombly*, 550 U.S. at 570; *Swierkiewicz*, 534 U.S. at 511–12; *Westmoreland I*, 2010 WL 3369169, at *3.

### 2. Hostile Work Environment Claim

To state a claim for hostile work environment based on race, color, or sex, a plaintiff must allege that she was subjected to "'offending conduct'" that "'(1) was unwelcome, (2) was because of her sex [or race or color], (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment, and (4) was imputable to her employer.'" *Westmoreland v. Prince George's Cnty., Md. ("Westmoreland II")*, 876 F. Supp. 2d 594, 614 (D. Md. 2012) (quoting *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 331 (4th Cir. 2011)) (discussing sex-based harassment) (internal citation and quotation marks omitted)); *see EEOC v. Xerxes Corp.*, 639 F.3d 658, 668–69 (4th Cir. 2011) (discussing race-based harassment); *Banhi v. Papa John's USA, Inc.*, No. RWT-12-665, 2013 WL 3788573, at *8 (D. Md. July 18, 2013) (same). Here, Plaintiff's claim for hostile work environment is, in its entirety, that "Defendant discriminated against Plaintiff based on race, sex, color, *hostile working environment*, age and in reprisal for filing complaints with the County Inspector General and the EEOC." Compl. 2 (emphasis added). Although "specific facts" are not necessary, Plaintiff still needs to "plead facts sufficient to state each element of the asserted claim," which Plaintiff has not done. *Lopez v. BMA Corp.*, 2013 WL 6844361, at *9. Plaintiff's cursory claim does "not nudge[] [her] claim[] across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570. Consequently, Plaintiff has failed to state a claim for hostile work environment. *See Hoyle*, 650 F.3d at 331; *Xerxes Corp.*, 639 F.3d at 668–69; *Westmoreland II*, 876 F. Supp. 2d at 614.

### 3. Retaliation

42 U.S.C. § 2000e-3(a) provides that it is unlawful for an employer "to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any

manner in an investigation, proceeding, or hearing under [Title VII]." Although "[t]he plain meaning of the statutory language provides protection of an employee's opposition activity when the employee responds to an actual unlawful employment practice," the Fourth Circuit has "[r]ead[] the language generously to give effect to its purpose" and "held that opposition activity is protected when it responds to an employment practice that the employee *reasonably believes* is unlawful." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006).

To state a claim for retaliation under Title VII, a plaintiff must allege sufficiently that (1) she "'engaged in protected activity,'" (2) the employer "'took adverse action against [her],'" and (3) "'a causal relationship existed between the protected activity and the adverse employment activity.'" *Westmoreland II*, 876 F. Supp. 2d at 612 (quoting *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004)). Here, Plaintiff alleges that "Defendant terminated Plaintiff's employment in retaliation for filing complaints with [the] Human Rights Department – Montgomery County, Inspector General, and the EEOC about sexual harassment, hostile working environment and corruptions etc." Compl. 3. These allegations are sufficient to survive Defendant's Motion to Dismiss. *See Westmoreland II*, 876 F. Supp. 2d at 612; *Twombly*, 550 U.S. at 570.

## IV. CONCLUSION

Defendant's Motion to Dismiss, ECF No. 5, is GRANTED IN PART and DENIED IN PART as follows:

1. Montgomery County shall be substituted for RSC as Defendant, and the suit shall be terminated as to RSC.

2. Plaintiff's reinstatement claim is DISMISSED WITHOUT PREJUDICE as moot.

3. Defendant's Motion to Dismiss IS DENIED as to Plaintiff's sex and age discrimination claims and retaliation claim.

4. Defendant's Motion to Dismiss IS GRANTED as to Plaintiff's hostile workplace claim because Plaintiff fails to state a claim. Plaintiff's hostile workplace claim IS DISMISSED.

5. Defendant's Motion to Dismiss IS GRANTED as to Plaintiff's race and color discrimination claims because, on the facts currently before me, Plaintiff has not filed an EEOC Charge of Discrimination that alleged discrimination based on race or color. If that is the case, she has failed to exhaust her administrative remedies as to these claims. However, Plaintiff has until April 10, 2014, to file with the Court and serve Defendant with a properly authenticated copy of the April 12, 2011 Charge of Discrimination, as well as the attachment she referenced in the April Charge that she attached as Exhibit 1 to her Opposition, in which case these claims will not be dismissed.

A separate order shall issue.

Dated: <u>March 19, 2014</u>　　　　　　　　　　　　　　　　　　　<u>　　　　/S/　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Paul W. Grimm
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

lyb